IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO #432966,

                 Petitioner,                       OPINION and ORDER

        v.                                          08-cv-279-bbc

CHRISTOPHER S. NOLET, Probation Officer at
the Division of Community Corrections,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for injunctive and monetary relief brought pursuant to 42 U.S.C. § 1983, petitioner Daniel Z. Maldonado contends that respondent Christopher S. Nolet violated his First, Fourth and Fourteenth Amendment rights by ordering him to stop broadcasting television shows and attending college and coerced him into agreeing to certain alternatives to revocation of his probation. Petitioner has requested leave to proceed in forma pauperis and has paid the initial partial filing fee.

      In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave

1

to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit (except under specific circumstances that do not exist here), or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2).

Petitioner's claims relate to certain conditions of his probation and revocation of his probation.  Because petitioner has not succeeded in challenging the conditions of his probation or his revocation in a habeas corpus action, his claims are not cognizable under § 1983, and must be dismissed.

Before turning to the facts, I must address two procedural issues.  First, originally, petitioner filed a "motion for a writ of mandumus," dkt. #1.  However, he moved to amend his complaint, dkt. #5, and provided a proposed amended complaint brought under 42 U.S.C. § 1983, dkt. #6.  That motion will be granted; #6 is the operative complaint.  Next, petitioner has filed numerous documents beside the complaint, in this case and in two other cases still pending before the court, case numbers 08-cv-308-bbc and 08-cv-396-bbc.  Many of these documents are labeled "motions to supplement" the complaint or "the record."  To the extent petitioner is seeking to supplement his complaint, these motions will be denied.  Each one of them is either irrelevant or would violate Fed. R. Civ. P. 8 by making the complaint unmanageable.

2

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner Daniel Z. Maldonado is an inmate at the Stanley Correctional Institution in Stanley, Wisconsin. Between 2006 and 2007, petitioner was on his last year of a five-year probation sentence.

Respondent Christopher S. Nolet is a probation officer at the Division of Community Corrections at the Wisconsin Department of Corrections.

On or about August 4, 2006, petitioner started his second semester as a full-time college student at Madison Area Technical College, pursuing a degree in journalism. Petitioner begain volunteering his spare time at WYOU Community Television, Cable Channel 4. He produced and starred in two one-hour programs that he created, a National Football League sports show and a political talk show. Petitioner was receiving college credit from two of his professors for his work at WYOU.

On or about November 15, 2006, respondent called petitioner's home and said "What do you think you're doing, you can't be on TV and force your face onto the public!" Respondent commanded petitioner to "cease and desist" broadcasting his views and opinions on cable public access television.

On or about December 30, 2006, respondent came to petitioner's home residence

3

with an "alternative to revocation" form in his hand. According to the terms laid out in the form, petitioner would be required to complete classes in cognitive intervention and alcohol and other drug abuse and pass a polygraph examination.

Before petitioner met with respondent, petitioner had consulted with his parents, who recommended that he not sign an alternative to revocation that required him to pass a polygraph because they did not believe the tests had merit, and because petitioner had failed the test twice before. While talking with respondent, petitioner criticized the polygraph test, calling it a "scam and a hoax." After respondent learned of petitioner's parents' role, he pointed his index finger approximately one-fourth of an inch from the tip of petitioner's nose and "roared," "You are on a no-contact with your parents! They are feeding you lies and interfering with your supervision! Now, sign this A.T.R. or you're revoked and going to prison!"

On or about January 5, 2007, petitioner was preparing for his third consecutive semester as a full-time college student. Respondent ordered petitioner to "cease and desist" attending college, explaining that petitioner did not "deserve" to go to school because he was "sneaking behind the Department's back to do broadcast journalism on cable television." In addition, he noted that he wanted petitioner to catch up on his backed up polygraph fees.

Because petitioner was forced to leave college, the college was required to pay back his Stafford student loans. As a result, petitioner must now pay $1,677.56 to the college to

4

be allowed to return as a full-time student.

Nowhere in petitioner's rules of supervision does it provide that petitioner would be waiving his First, Fourth or Fourteenth Amendment rights. Revocation proceedings were initiated against petitioner approximately 90 days before he would have completed probation. He was officially revoked 92 hours before his discharge date of September 11, 2007.

OPINION

This is not the first time petitioner has raised these issues. In case number 07-cv-673-bbc, petitioner made almost the same allegations, but failed to properly identify the person responsible for the alleged constitutional violations or name his probation officer as a respondent. Now he has.

However, as I explained to petitioner in the screening order dismissing that case, even if he had properly named defendants and described their actions, he could not state a claim pursuant to § 1983 because he has not established the invalidity of either his conditions of probation or his probation revocation, as he is required to do under Heck v. Humphrey, 512 U.S. 477, 487 (1994). Actions that imply the invalidity of conditions of probation or revocation of probation are not cognizable under § 1983 until the petitioner has successfully challenged those conditions pursuant to a writ of habeas corpus. Heck, 512 U.S. at 487;

5

Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (quoting Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977)) (conditions of parole define perimeters of confinement and therefore challenge to restrictions imposed by parole should be brought as writ of habeas corpus, not under § 1983). Petitioner has not alleged that he has succeeded on a petition for writ of habeas corpus, but he nonetheless returns to try his § 1983 claim again. Because it is barred by Heck, his complaint must be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to amend his complaint is GRANTED; dkt. # 6 is the operative pleading.

2. Petitioner's request for leave to proceed in forma pauperis on his claim that respondent Christopher S. Nolet violated his First, Fourth and Fourteenth Amendment rights by ordering him to stop broadcasting and attending college and coercing him into agreeing to an alternative to revocation is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state a claim upon which relief may be granted;

3. Petitioner's motions to supplement his complaint or "the record," dkts. ##11, 17 and 18, are DENIED and petitioner's motion to compel, dkt. #14, is DENIED as moot.

4. A strike will be recorded against petitioner pursuant to § 1915(g); and

5. The clerk of court is directed to close the file.

Entered this 22nd day of September, 2008.

>BY THE COURT:
>
>/s/
>
>_____
>BARBARA B. CRABB
>District Judge