IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO #432966,

                Petitioner,                        ORDER

        v.                                   08-cv-279-bbc

CHRISTOPHER S. NOLET, Probation Officer at
the Division of Community Corrections,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered September 22, 2008, I dismissed petitioner's complaint for failure to state a claim upon which relief may be granted and ordered that the case be dismissed with prejudice. Judgment was entered against petitioner the same day. Now petitioner has filed a motion for reconsideration that I construe as motion to alter or amend the judgment pursuant to Rule 60(b)(1).

In support of his motion, petitioner points out that it was a mistake for the court to dismiss his claim *with* prejudice. He correctly notes that his complaint was dismissed only because his claim is not yet cognizable under 42 U.S.C. § 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 487 (1994). He notes as well that he intends to pursue his claim

1

in a petition for a writ of habeas corpus and wishes to reserve his right to seek damages at a later time in a § 1983 action if he obtains habeas corpus relief.

Fed. R. Civ. P. 60(b)(1) permits a court to relieve a party from a final judgment, order, or proceeding because of "mistake, inadvertence, surprise, or excusable neglect," or "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."  It was a mistake for this court to have ordered petitioner's complaint dismissed with prejudice.  The judgment should be amended to reflect that dismissal of his claims was without prejudice to allow for the possibility that he may prevail on his intended habeas corpus challenge to the validity of his probation revocation. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citations omitted) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice.").  Therefore, I will grant petitioner's motion.

ORDER

IT IS ORDERED that petitioner Daniel Z. Maldonado's motion for relief a final judgment or order pursuant to Fed. R. Civ. P. 60(b)(1) is GRANTED.  The order entered September 22, 2008, dkt. #23, is AMENDED as follows:

The paragraph numbered 2 on page 6 is DELETED and replaced with the following

2

paragraph:

    2. Petitioner's request for leave to proceed in forma pauperis on his claim that respondent Christopher S. Nolet violated his First, Fourth and Fourteenth Amendment rights by ordering him to stop broadcasting and attending college and coercing him into agreeing to an alternative to revocation is DENIED and this case is DISMISSED without prejudice to petitioner's refiling it after he has exhausted his state remedies and succeeded in overturning the decision through a petition for a writ of habeas corpus.

    FURTHER IT IS ORDERED that the clerk of court enter an amended judgment reflecting that the dismissal of petitioner's claims is without prejudice.

    Entered this 22nd day of October, 2008.

                  BY THE COURT:

                    /s/

                    _____
                    BARBARA B. CRABB
                    District Judge